**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELIZABETH KERWIN, Regional Director
Seventh Region of the National Labor
Relations Board, for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,

   Petitioner,

v.            CIVIL Case No. _____

TRINITY HEALTH GRAND HAVEN HOSPITAL

   Respondent.

**EXPEDITED CONSIDERATION REQUESTED**

**PETITION FOR PRELIMINARY INJUNCTION UNDER SECTION 10(j)**
**OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED**

  To the Honorable Judges of the United States District Court for the Western District of

Michigan:

  Elizabeth Kerwin, Regional Director of the Seventh Region of the National Labor

Relations Board [Board], petitions this Court for and on behalf of the Board pursuant to Section

10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec

160(j)] [the Act] and W.D. Mich. LCivR  7.2, for injunctive relief pending the final disposition of

the matters before the Board based upon the Consolidated Complaint issued by the General

Counsel of the Board, alleging that Trinity Health Grand Haven Hospital [Respondent] has

engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1) and (5) of the Act.

In support, Petitioner respectfully submits:

  1.  Petitioner is the Regional Director of Region Seven of the Board, an agency of the

United States, and files this petition for and on behalf of the Board.

2.      Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.  29 U.S.C. Sec 160(j).

3.      On August 2, 2023, pursuant to provisions of the Act, SEIU Healthcare Michigan [Charging Party Union] filed with the Board a charge in NLRB Case 07-CA-323321 alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the mearing of Section 8(a)(1) and (5) of the Act.  On December 1, 2023, the Charging Party Union filed with the Board an amended charge in Case 07-CA-323321.  On September 28, 2023, the Charging Party Union filed with the Board a charge in Case 07-CA-326861.  Copies of the original charges and the amended charge in Case 07-CA-323321 are being filed with this Petition as Exhibit A.

4.      The charges referenced in paragraph 3 were referred to Petitioner as Regional Director of the Seventh Region of the Board.

5.      On January 29, 2024, following a full investigation of the charges, the Board's General Counsel, by the Petitioner, on behalf of the Board, pursuant to Section 10(b) of the Act, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing in Cases 07-CA-323321 and 07-CA-326861.[1]  A copy of the Consolidated Complaint is being filed with this Petition as Exhibit B.  A copy of Respondent's Answer and Affirmative Defenses is being filed with this Petition as Exhibit C.

6.      A hearing on the allegations of the Consolidated Complaint commenced on April 3, 2024, before Administrative Law Judge Michael A. Rosas, in Grand Rapids, Michigan.

7.      There is reasonable cause to believe that the allegations in the Consolidated Complaint are true and that Respondent has engaged in, and is engaging in, unfair labor practices

---

[1] Petitioner is only seeking Section 10(j) relief for the withdrawal of recognition allegation in NLRB Case 07-CA-326861 and the allegation in Case 07-CA-323321 concerning Respondent coercing employees to sign a decertification petition, even though the Consolidated Complaint for Cases 07-CA-326861, 07-CA-323321, and  07-CA-323743, alleges several additional violations.

within the meaning of Section 8(a)(1) and (5) of the Act and affecting commerce within the meaning of Section 2(6) and (7) of the Act.

8.     In support of this Petition, based on information and belief, the Petitioner states that at all material times, Respondent, a Michigan corporation with an office and place of business in Grand Haven, Michigan (Grand Haven facility) has been operating a hospital providing inpatient and outpatient medical care.

9.     (a)  In conducting its operations during the calendar year ending December 31, 2023, Respondent derived gross revenues in excess of $250,000.

(b)  During the period described above in paragraph 9(a), Respondent purchased and received at its Grand Haven facility goods valued in excess of $5,000 directly from points outside the State of Michigan.

10.     At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act, and has been a healthcare institution within the meaning of Section 2(14) of the Act.

11.     At all material times, the Charging Party Union has been a labor organization within the meaning of Section 2(5) of the Act.

12.     At all material times, the following individuals held the position opposite of their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agent of Respondent within the meaning of Section 2(13) of the Act:

Tim Gengle - Director of Human Resources
Shelleye Yaklin - President Trinity Health Grand Haven
Karla Gonzales - Manager of Surgical Department
Sabrina Frank - Technical Director
James Donnellon - Housekeeping & Food Service Manager
Cindy Van Kampen - Nurse Manager

Nicole Wilber - Laboratory Director

Dianne Zimmerman - Regional Director

David Rehm - General Counsel

13.    (a)  The following employees of Respondent (the Recognized Unit), constitute an appropriate unit for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

> All full-time and regular part-time employees in the following nursing departments at the Employer's Grand Haven, Michigan Hospital and its Grand Haven, Michigan locations of Dunewood Pharmacy, North Ottawa Family Practice, North Ottawa Women's Health, Dunewood Family Practice, and West Michigan Sports and Family Medicine: Emergency, Intensive Care-Coronary Unit, Med.-Surg., Family Birthing Unit, Pediatrics, Surgery, Emergency Medical Services (excluding Secondary Emergency Medical Technicians), Social Service, Physician Practice, and Central Processing Department; but excluding the Vice President/Nursing Service, all House Supervisors (whether full-time or part-time), all Nurse Managers, Managers, and/or Assistant Managers, all registered nurses, all confidentials (including Secretary to the Vice President/Nursing Service), all temporary employees (including "occasional or casual" employees), all "per diem" employees, all student trainees and volunteers, all other employees, and all supervisors as defined in the Act;

> All full-time and regular part-time employees in the following technical departments at the Employer's Grand Haven, Michigan Hospital and its Grand Haven, Michigan locations of Dunewood Pharmacy, North Ottawa Family Practice, North Ottawa Women's Health, Dunewood Family Practice, and West Michigan Sports and Family Medicine: Respiratory Therapy, Laboratory, Medical Imaging, and Pharmacy; but excluding all Managers, all Assistant Managers, all confidentials, all temporary employees (including "occasional or casual" employees), all "per diem" employees, all student trainees and volunteers, all other employees, and all supervisors as defined in the Act; and

> All full-time and regular part-time employees in the following service departments at the Employer's Grand Haven, Michigan Hospital and its Grand Haven, Michigan locations of Dunewood Pharmacy, North Ottawa Family Practice, North Ottawa Women's Health, Dunewood Family Practice, and West Michigan Sports and Family Medicine: Patient Registration, Patient Accounting, Medical Records, Housekeeping, Food Service, Maintenance, Materials Management and Volunteer Services (Ambassador only); but excluding the Vice President/Fiscal Services, all Managers, all Assistant Managers, the Payroll Coordinator, the Food

Service Supervisors, all confidentials (including the Secretary to the Vice President/Fiscal Services and the Accounts Payable person), Accountants, all temporary employees (including "occasional or casual" employees), all "per diem" employees, all student trainees and volunteers, all other employees, and all supervisors as defined in the Act, and further excluding all employees of the Human Resources Department, the Ancillary Services/Marketing Department, the Administration Department, and the Volunteer Services Department (except Ambassador).

(b) The following employees of Respondent (the Certified Unit), constitute an appropriate unit for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

All full-time and regular part-time Social Worker MSW, Medical Technologists ASCP II, Nuclear Medicine Technologist, Ambassador, ARRT/CT Scan Technologist, HIM Analyst Coder, Biller, Cashier, Central Scheduler, PACS Administrator/Clinical Application Specialist, Certified Surgical Technologist, CT Scan Technologist, Clinical Documentation Specialist, Clinical Quality Assurance Liaison, Coder Assistant, Communications Specialist, Cook, CPD Lead Technician, CPD Technician, Custodian, Financial Counselor, Echocardiography Technician, EMT, Exercise Physiologist, Health Information Management Clerk, Histologist-Reg., Housekeeping Aide, Lab Assistant I-Phlebotomist, Lab Assistant II, Lead Housekeeper, Logging Clerk, LPNII, Mammography Technologist, Mammography Technologist II, M.I Technician Assistant, Materials Management Buyer, Materials Handler, Mechanic I, Mechanic II, Mechanic III-Electrician, Medical Imaging Pt. Reg. File Clerk, Medical Imaging Technical Assistant, Medical Technician ASCP I, Medical Technologist ASCP II, Medical Assistant, Nuclear Medicine Technologist, Nurse Aide, Paramedic, Patient Accounts Specialist, Patient Registration Clerk, Patient Service Representative, Pharmacy Lead Technician, Pharmacy/Certified Technician, Pharmacy Assistants, Pre-Admission Review Specialist, Production Worker, RDMS/RVT, Registered Polysomnographer, Registered Respiratory Therapist, Social Worker MSW, Supply Aide/Courier, Surgical Technologist, Surgical Services Scheduler, Systems Support Specialist, Technologist Reg ARRT, Technician NReg ARRT Tissue Technician, Transcriptionist, Ultrasound Technologist, Unit Clerk, Unit Technician and Unit Technician/Clerk employed by the Employer at its Grand Haven facilities; but excluding guards and supervisors as defined in the Act.

14.     Since about November 30, 2022, and at all material times, Respondent has recognized the Charging Party Union as the exclusive collective-bargaining representative of the

Recognized Unit.  This recognition was embodied in an extension of the existing collective-bargaining agreement effective November 30, 2022 through February 28, 2023.

15.     (a) At all times since November 30, 2022, based on Section 9(a) of the Act, the Charging Party Union has been the exclusive collective-bargaining representative of the Recognized Unit.

(b) About late May 2023, Respondent, by Karla Gonzales, at the Grand Haven facility, provided more than minimal support to the effort to obtain signatures for a decertification petition by instructing employees to gather in a private area to learn about and sign a decertification petition.

(c) On August 30, 2023, Respondent and the Charging Party Union entered into an election agreement in Case 07-RD-323100 granting that a question concerning representation existed in the Certified Unit.

(d) On September 18 and 19, 2023, the election in Case 07-RD-323100 was conducted in the Certified Unit.

(e) On September 28, 2023, Respondent withdrew its recognition of the Charging Party Union as the exclusive collective-bargaining representative of the Certified Unit.

(f) On September 29, 2023, the tally of ballots issued showing a majority of valid votes counted in the NLRB-conducted election were cast for the Charging Party Union.

(g) On October 17, 2023, the Regional Director certified the Charging Party Union as the exclusive collective-bargaining representative of the Certified Unit.

16.     On December 7, 2023, the Board denied Respondent's Request for Review of the Regional Director's Supplemental Decision and Order on Objections and Certification of Representative certifying the Charging Party Union as the exclusive collective-bargaining representative of the Certified Unit.

6

17.     By the conduct described above in paragraph 15(b), Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act and in violation of Section 8(a)(1).

18.     By the conduct described above in paragraph 15(e), Respondent has failed and refused to bargain in good faith with the Charging Party Union as the exclusive collective-bargaining representative of the Certified Unit in violation of Sections 8(a)(1) and (5) of the Act.

19.     The unfair labor practices of Respondent described above affect commerce within the meaning of Sections 2(6) and (7) of the Act.

20.     Upon information and belief, it may be fairly anticipated that, unless enjoined, Respondent will continue to engage in the conduct set forth in paragraphs 15(b) and 15(e), or similar acts, in violation of Sections 8(a)(1) and (5) of the Act.

21.     Upon information and belief, unless the continuation of the aforementioned unfair labor practices is immediately restrained, a serious abrogation of the rights guaranteed and the underlying public policies served by the Act will continue.  As a result, the enforcement of important provisions of the Act and of public policy will be impaired before Respondent can be placed under legal restraint through the regular procedures of a Board order and enforcement decree.  Unless injunctive relief is immediately obtained, it is anticipated that Respondent will continue its unlawful conduct during the proceedings before the Board and during subsequent proceedings before a Court of Appeals for an enforcement decree, with the result that employees will continue to be deprived of their fundamental right to organize for the purpose of collective bargaining, as guaranteed in the Act.

22.     Upon information and belief, to avoid the serious consequences set forth above, it is essential, appropriate, just and proper, for the purposes of effectuating the polices of the Act and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest, and

to employees of Respondent, and in accordance with the purposes of Section 10(j) of the Act, that, pending the final disposition of the matters involved here pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar or related acts or conduct or repetitions thereof.

23.     No previous application has been made for the relief requested herein.

24.     Pursuant to the W.D. Mich. LCivR 7.1, on April 29, 2024, Petitioner, through counsel, explained the nature of its Petition to Respondent's counsel, and its legal basis, and requested, but did not obtain, concurrence in the relief sought.

**WHEREFORE**, Petitioner seeks the following relief:

1.     That the Court issue an order pursuant to W.D. Mich. LCivR 7.2 directing that Respondent, within twenty-eight (28) days after service of this petition show cause, if any there be, why an injunction should not issue enjoining and restraining Respondent, its officers, representatives, agents, employees, attorneys, and all persons acting in concert or participation with them, pending final disposition of the matters involved here pending before the Board from:

(a) Withdrawing recognition from the Charging Party Union and refusing to recognize and bargain with it in good faith as the exclusive collective-bargaining representative of the Certified Unit employees;

(b) Unlawfully assisting with the circulation of a decertification or disaffection petition among the Certified Unit employees; and

(c) In any like or related manner, unlawfully interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them under Section 7 of the Act.

2.     Petitioner further asks the Court to order Respondent to take the following affirmative actions:

(a)   Immediately recognize and, upon request, bargain in good faith with the Charging Party Union as the exclusive collective-bargaining representative of the Certified Unit employees concerning their wages, hours, and other terms and conditions of employment and, if an agreement is reached, embody the understanding in a written, signed agreement;

(b)   Within seven (7) days of the issuance of the District Court's Injunction Order, post physical copies of the District Court's Injunction Order setting forth the relief granted at the facility on the bulletin boards, in all breakrooms, and in all other places where Respondent typically posts notices to its employees; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to the facility to monitor compliance with this posting requirement;

(c)  Within seven (7) days of the issuance of the District Court's Injunction Order, distribute electronic copies of the District Court's Injunction Order specifying the relief granted to all Certified Unit employees employed by Respondent at the facility via email and all intranet or internet sites or apps that Respondent uses to communicate with employees;

(d)   Within seven (7) days of the issuance of the District Court's Injunction Order, convene one or more mandatory meetings, on working time and at times when Respondent customarily holds employee meetings and scheduled to ensure the widest possible attendance, at the facility, during which the District Court's Injunction Order specifying the relief granted will be disseminated and read to the Certified Unit employees by a responsible Respondent official in the presence of a Board agent, or at Respondent's option, by a Board agent in the presence of a responsible Respondent official. Respondent shall also afford the Charging Party Union, through the Regional Director, reasonable notice and opportunity to have a representative present when the Injunction Order is read to employees. Interpreters shall be made available at Respondent's

expense for any individual whose language of fluency is other than English. Respondent shall announce the meeting(s) for the Injunction Order reading in the same manner it would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same conditions. Respondent shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise; and

(e)  Within twenty-one (21) days of the issuance of the District Court's Injunction Order, file with the District Court and submit a copy to the Regional Director of Region 7 of the Board, a sworn affidavit from a responsible official of Respondent setting forth, with specificity, the manner in which Respondent has complied with the terms of the District Court's Injunction Order, including how it has posted the documents required by the Court's decree, including how and where the documents have been posted, and the date(s), time(s), and location(s) that the Injunction Order specifying the relief granted was read to employees and by whom, as required by the Court.

(f)  That the Court grant such other and further relief as may be just and proper.

Dated this 30th day of April 2024, in Grand Rapids, Michigan.

Respectfully submitted,

/s/ *Elizabeth Kerwin*
Elizabeth Kerwin
Regional Director
National Labor Relations Board, Region 7
Patrick V. McNamara Building
477 Michigan Avenue, Room 05-200
Detroit, MI  48226

Erikson C. N. Karmol
Regional Attorney, Region 7

Colleen J. Carol
Resident Officer, Region 7

Patricia A. Fedewa
Senior Trial Attorney

/s/ *Steven E. Carlson*
Counsel for Petitioner
National Labor Relations Board, Region 7
Gerald R. Ford Federal Building
110 Michigan St., NW, Room 299
Grand Rapids, MI 49503-2363
Telephone: 616-930-9160
E-Mail: Steven.Carlson@NLRB.gov
Bar No. P58196