# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ELIZABETH KERWIN, Regional Director Seventh
Region of the National Labor Relations Board, for
and on behalf of the NATIONAL LABOR
RELATIONS BOARD,

Case No. 24-cv-00445
Hon. ROBERT J. JONKER

                    Petitioner,

v.

TRINITY HEALTH GRAND HAVEN HOSPITAL,

                    Respondent.

---

Patricia A. Fedewa (P51964)
National Labor Relations Board (Detroit)
Region 7
477 Michigan Ave., Room 300
Detroit, MI 48226-2569
(313) 226-3236
patricia.fedewa@nlrb.gov

Steven E. Carlson (P58196)
National Labor Relations Board, Region 7
Gerald R. Ford Federal Building
110 Michigan St., NW, Room 299
Grand Rapids, MI 49503
(616) 930-9160
steven.carlson@NLRB.gov

Attorneys for Petitioner

Brian D. Shekell (P75327)
Richard W. Fanning, Jr. (P55697)
Lauren M. Smith (P87377)
CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
bshekell@clarkhill.com
rfanning@clarkhill.com
lmsmith@clarkhill.com
Attorneys for Respondent

---

## BRIEF IN SUPPORT OF RESPONDENT'S
## MOTION FOR JUDGMENT ON THE PLEADINGS

### ***ORAL ARGUMENT REQUESTED***

## TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................................................................ii

STATEMENT OF ISSUES PRESENTED......................................................................iv

INTRODUCTION ......................................................................................................... 1

FACTUAL BACKGROUND .......................................................................................... 1

LEGAL ARGUMENT ................................................................................................... 3

      A.     LEGAL STANDARD................................................................................ 3

      B.     THE UNDERLYING ADMINSITRATIVE PROCEEDINGS ARE
              UNCONSTITUTIONAL ........................................................................ 4

             1.     The Take Care Clause, Article II of the United States Constitution........... 4

CONCLUSION.......................................................................................................... 12

i

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Axon Enter.*, 143 S. Ct. at 903 ................................................................................................ 12

*Calcutt v. Federal Deposit Insurance Corporation*,
    37 F.4th 293 (6th Cir. 2022) *rev'd in part on other grounds* 598 U.S. 623, 143 S.Ct.
    1317, 215 L.Ed.2d 557 (2023) .......................................................................... 8, 9, 12

*Cochran v. SEC*,
    20 F.4th 194 (5th Cir. 2021) (en banc), *aff'd and remanded sub nom. Axon Enter.*,
    143 S. Ct. 890 .................................................................................................... 12

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*,
    508 F.3d 327 (6th Cir. 2007) ............................................................................. 4

*E.E.O.C. v. J.H. Routh Packing Co.*,
    246 F.3d 850 (6th Cir. 2001) ............................................................................. 4

*Fleischut v. Nixon Detroit Diesel, Inc.*,
    859 F.2d 26 (6th Cir. 1988), *abrogated on other grounds by Starbucks Corp. v.*
    *McKinney*, 144 S. Ct. 1570 (2024) .................................................................... 5

*Free Enter. Fund v. Public Company Accounting Oversight Board*,
    561 U.S. 477, 130 S.Ct. 3138, 177 L.Ed.2d 706 (2010) .................................. 6

*Gottfried v. Frankel*,
    818 F.2d 485 (6th Cir. 1987) ............................................................................. 5

*Jarkesy v. Sec. & Exch. Comm'n*,
    34 F.4th 446 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 2688, 216 L. Ed. 2d 1255
    (2023) ........................................................................................................ 6, 7, 8

*JPMorgan Chase Bank, N.A. v. Winget*,
    510 F.3d 577 (6th Cir. 2007) ............................................................................. 5

*N.L.R.B. v. Noel Canning*,
    573 U.S. 513, 134 S. Ct. 2550, 189 L. Ed. 2d 538 (2014) ........................... 11, 12

*Overstreet v. El Paso Disposal, L.P.*,
    625 F.3d 844 (5th Cir. 2010) ............................................................................. 10

*Paskvan v. City of Cleveland Civil Serv. Comm'n*,
    946 F.2d 1233 (6th Cir. 1991) ........................................................................... 5

*Sec. & Exch. Comm'n v. Jarkesy*,
    No. 22-859, 2024 WL 3187811 (U.S. June 27, 2024) ............................... 6, 7, 11

*Westrock Servs., Inc.*,
    366 N.L.R.B. No. 157, slip op. (Aug. 6, 2018) ...................................................................... 7

**Statutes**

5 U.S.C. 1202(d) ............................................................................................................................ 8

5 U.S.C. 7521(a) ............................................................................................................................ 8

5 U.S.C. 7521(b) ............................................................................................................................ 8

29 U.S.C. § 153(a) .................................................................................................................... 8, 11

29 U.S.C. § 159 ............................................................................................................................ 10

29 U.S.C. § 160 ............................................................................................................................ 10

29 U.S.C. §160(a) ........................................................................................................................ 10

29 U.S.C. § 160(b) ....................................................................................................................... 10

29 U.S.C. §160(c) ...................................................................................................................... 7, 9

29 U.S.C. § 160(j) .................................................................................................................. 5, 9, 10

National Labor Relations Act ...............................................................................................*passim*

**Rules**

Fed. R. Civ. P. 12(b)(6).................................................................................................................. 4

Fed. R. Civ. P. 12(c) ...................................................................................................................... 4

**Regulations**

12 C.F.R § 208.39(c)(1) ................................................................................................................. 9

29 C.F.R. § 102.35-45 .................................................................................................................... 7

29 C F R  § 102.47 .......................................................................................................................... 7

29 C.F .R. § 102.48(a)................................................................................................................. 7, 9

**Other Authorities**

United States Constitution ....................................................................................................*passim*

## STATEMENT OF ISSUES PRESENTED

1.  Whether Respondent is entitled to judgment on the pleadings as a matter of law because a review of the facts set forth in Petitioner's Petition for Injunctive Relief Pursuant to Section 10(j) of the National Labor Relations Act, even if taken as true, illustrate that Respondent is being subjected to unconstitutional agency action and authority?

      Petitioner answers: No.

      Respondent answers: Yes.

      This Court should answer: Yes.

## INTRODUCTION

Administrative Law Judges ("ALJs") of the National Labor Relations Board ("NLRB"), and members of the NLRB itself, are insulated from removal by the President by a two-layer protection system and/or unconscionably broad removal language. These protections violate Article II of the United States Constitution and its "Take Care Clause" as they impede the President's obligation to ensure that the laws are faithfully executed.

The request for injunctive relief pursuant to Section 10(j) of the National Labor Relations Act ("NLRA") in this matter is ancillary to the underlying administrative proceedings. Indeed, this Court's power to issue the requested relief is premised upon the filing of a Complaint and the unconstitutional administrative proceedings.

The well-pled factual allegations reveal that no material issue of facts exists to dispute that Respondent has been, and will continue to be, forced to litigate unfair labor practices charges before an NLRB ALJ who is unconstitutionally protected from removal by the President. There is also no material question of fact that the matter before this Court stems from, and relies upon, the underling unfair labor practice proceedings. Indeed, in its portion of the Joint Status Report, the Petitioner stated that she will exclusively rely upon the record in those proceedings. (ECF No. 25, PageID.2655).

Respondent is therefore entitled to judgment as a matter of law.

## FACTUAL BACKGROUND

The North Ottawa Community Hospital (NOCH) was founded in 1919. (ECF No. 15, PageID.2161; ECF No. 12, PageID.2020.) NOCH was acquired by Trinity Health effective October 1, 2022 and became Trinity Health Grand Haven Hospital (THGH). (Id.) Historically, two bargaining units were present at the hospital: the bargaining unit at issue and a unit represented by the Michigan Nurses Association. (ECF No. 15, PageID.2161; ECF No. 12, PageID.1184-1185.) The bargaining unit at issue was formerly represented by the North Ottawa Community Hospital Employees' Association (NOCHEA). (Id.; ECF No. 12, PageID.1185.) In November of 2022, the

1

President of THGH, Shelleye Yaklin, was informed that the NOCHEA board met with representatives of SEIU Healthcare Michigan ("SEIU"). (ECF No. 15, PageID. 2161; ECF No. 12, PageID.2031.) THGH was later told there had been some form of an "election" and that SEIU had won. (ECF No. 15, PageID.2161; ECF No. 12, PageID.2031.) This election was not administered by the NLRB or any other governmental body. (ECF No. 12 CaseID.1540).

In the Spring of 2023, employees in the bargaining unit independently began a petition to decertify the SEIU as the exclusive bargaining representative. (ECF No. 15, PageID.2163; ECF No. 12, PageID.1644; ECF No. 12, PageID.1657.) Jamie Quinn, an employee in the bargaining unit, began to gather signatures for the decertification petition. (Id.) Once Ms. Quinn gathered enough signatures, she filed the decertification petition with the NLRB and emailed a copy to Ms. Yaklin. (ECF No. 15, PageID.2164.)

On and after August 2, 2023, the SEIU filed unfair labor practices charges against THGH. (ECF No. 1, PageID.2.) In the meantime, the parties entered into a Stipulated Election Agreement whereby a decertification election was to be held on September 18 and 19, 2023. (ECF No. 15, PageID.2165.) Following the election, the SEUI attempted to delay the vote count, causing irritation and confusion amongst employees in the bargaining unit. (ECF No. 15, PageID.2165.)

In light of the SEIU's tactics with respect to the decertification election, more employees sought out Ms. Quinn to sign the petition. (ECF No. 15, PageID.2166; ECF No. 12, PageID.2005; ECF No. 12, PageID.2011.) On September 28, 2023, after she had gathered signatures from over 50% of the bargaining unit, Ms. Quinn submitted the document to Ms. Yaklin. (ECF No. 15, PageID.2166; ECF No. 12, PageID.2005.) This document has been referred to by the Petitioner as the "disaffection petition." After reviewing the disaffection petition, THGH withdrew recognition from the SEIU. (ECF No. 15, PageID.2166.) Another charge against THGH was filed by SEIU on

September 28, 2023. (ECF No. 1, PageID.2.) SEIU then filed amended charges in December of 2023. (Id.)

The General Counsel of the NLRB consolidated the unfair labor practice charges and issued a Consolidated Complaint against THGH on January 29, 2024. (ECF No. 1, PageID.2.) THGH filed an Answer and Affirmative Defenses to the Consolidated Complaint on February 12, 2024. (ECF No. 1-4, PageID.29.) The matter proceeded to a hearing before Administrative Law Judge Michael A. Rosas on April 3, 2024. (ECF No. 1, PageID.2.) The record in the hearing closed on May 15, 2024 but the administrative proceeding is still ongoing as the parties are to submit post-hearing briefs to the ALJ on July 12, 2024.

On April 30, 2024, Petitioner filed a Petition for Preliminary Injunction under 10(j) of the National Labor Relations Act, as Amended ("Petition") with this Court. (ECF No. 1, PageID.1.) On June 13, 2024, the Court entered a First Case Management Order directing the parties to file dispositive motions by June 30, 2024. (ECF No. 28, PageID.2663.)

## LEGAL ARGUMENT

### A.    LEGAL STANDARD

Pursuant to Fed.R.Civ.P. 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed [] but early enough not to delay trial." A motion for judgment on the pleadings is reviewed in the same manner as a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001). "Rule 12(c) motions address the complaint on the pleadings, rather than after discovery has occurred. Courts must view the pleadings in the 'light most favorable to the nonmoving party, accept the well-pled factual allegations as true, and determine whether the moving party is entitled to judgment as a matter of law.'" *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). A motion for judgment on the pleadings should be granted when "no material issue of fact exists

and the party making the motion is entitled to judgment as a matter of law." *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991); *see also JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). That is the case here.

### B. THE UNDERLYING ADMINSITRATIVE PROCEEDINGS ARE UNCONSTITUTIONAL

Actions for injunctive relief under Section 10(j) of the NLRA are ancillary to the underlying unfair labor practice proceedings. *Gottfried v. Frankel*, 818 F.2d 485, 492 (6th Cir. 1987); *Fleischut v. Nixon Detroit Diesel, Inc.,* 859 F.2d 26, 28 (6th Cir. 1988), *abrogated on other grounds by Starbucks Corp. v. McKinney*, 144 S. Ct. 1570 (2024). A complaint for unfair labor practices must be issued by the Board before this Court has jurisdiction to grant the Board "such temporary relief or restraining order as it deems just and proper." 29 U.S.C. § 160(j).

Respondent is presently involved in administrative proceedings before an ALJ of the NLRB. The well-pleaded factual allegations as set forth in the Petition, Brief in Support and Respondent Response in Opposition, if taken as true, reveal that Respondent is being subjected to unconstitutional agency authority before an unaccountable agency. No issue of material fact exists that the NLRB and the ALJs of the NLRB are improperly insulated from removal in violation of Article II of the United States Constitution. Respondent is now also being subjected to an extension of those proceedings in this ancillary matter before this Court. Therefore, this matter should be dismissed, and Respondent is entitled to judgment as a matter of law.

### 1. The Take Care Clause, Article II of the United States Constitution

Article II of the United States Constitution provides that: "The executive Power shall be vested in a President of the United States of America." U.S. Const. art. II, § 1. Article II of the Constitution also requires the President to "take Care that the Laws be faithfully executed" ("Take Care Clause"). U.S. Const. art. II, § 3. It is axiomatic that in order to exercise this power and

comply with this "Take Care Clause," the President must be able to remove subordinate officers who assist in effectuating the President's duties. *Free Enter. Fund v. Public Company Accounting Oversight Board*, 561 U.S. 477, 513-514, 130 S.Ct. 3138, 177 L.Ed.2d 706 (2010).

This removal power extends to administrative law judges ("ALJs") who "perform substantial executive functions." *Jarkesy v. Sec. & Exch. Comm'n*, 34 F.4th 446, 463 (5th Cir. 2022), *cert. granted*, 143 S. Ct. 2688, 216 L. Ed. 2d 1255 (2023), and *cert. denied*, 143 S. Ct. 2690, 216 L. Ed. 2d 1256 (2023), and *aff'd and remanded*, No. 22-859, 2024 WL 3187811 (U.S. June 27, 2024).

The President must "have sufficient control over the performance of [such ALJs'] functions, and, by implication, . . . be able to choose who holds the positions." *Id*. The degree of control by the President required by the United States Constitution is absent when ALJs are insulated by "[t]wo layers of for-cause protection." *Id*. This occurs when ALJs may only be removed from office for cause, and that just cause removal is done by officials who themselves may only be removed from their position for cause.

This issue was recently considered by the United States Court of Appeals for the Fifth Circuit in *Jarkesy, supra*. There, the petitioner argued that the ALJs of the Securities Exchange Commission ("SEC") were unconstitutionally insulated from removal by a two-layer for cause removal system. The Court found that SEC ALJs could be removed: (1) by the Securities Exchange Commission "for good cause established and determined by the Merit Systems Protection Board (MSPB) on the record after opportunity for hearing before the Board," and (2) the SEC Commissioners could only be removed by the President for good cause. *Jarkesy,* 34 F.4th 446, 463 (5th Cir. 2022).

The Fifth Circuit Court of Appeals ruled in favor of the petitioner, holding that "SEC ALJs exercise considerable power over administrative case records by controlling the presentation and

admission of evidence; they may punish contemptuous conduct; and often their decisions are final and binding." *Jarkesy,* 34 F.4th 446, 463 (5th Cir. 2022). The court continued that because the ALJs were sufficiently insulated from removal, the President could not take care that the laws are faithfully executed as required by the Take Care Clause.[1]

### A.     Administrative Law Judges of the National Labor Relations Board

Identical to the ALJs of the SEC, ALJs of the NLRB, including the ALJ assigned to preside over the underlying NLRB proceedings against THGH  that form the basis of the  action before this Court, are "inferior officers" who "have substantial authority" within agency investigations and enforcement actions. *Westrock Servs., Inc.*, 366 N.L.R.B. No. 157, slip op. at 1 (Aug. 6, 2018) ("Board judges, like SEC judges, are inferior officers[.]"). As in *Jarkesy*, the NLRB's ALJs exercise considerable power over administrative case records by controlling the presentation and admission of evidence.  29 CFR §102.35-45.  In many cases, the decisions of the ALJ can be final and binding.  Under the NLRB's rules and regulations, an ALJ files a decision and recommended order.  29 CFR §102.47.  Absent exceptions, "the findings, conclusions, and recommendations contained in the Administrative Law Judge's decision will, pursuant to Section 10(c) of the Act, automatically become the decision and order of the Board and become its findings, conclusions, and order, and all objections and exceptions must be deemed waived for all purposes."  29 CFR §102.48(a).  Indeed, this is provided for in Section 10(c) of the NLRA. 29 U.S.C. §160(c).  As such, in order to comply with the Take Care Clause, the President must be able to remove NLRB ALJ's  in order ensure that the executive power is faithfully executed. However, the President

---

[1] *Jarkesy* was appealed to the United States Supreme Court. On June 27, 2024, the Supreme Court issued an Opinion affirming the lower court's ruling on other grounds. The Court did not consider the Article II argument. *Sec. & Exch. Comm'n v. Jarkesy*, No. 22-859, 2024 WL 3187811, at *17 (U.S. June 27, 2024).

cannot do so. The removal protections enjoyed by ALJs for the NLRB are therefore unconstitutional.

Just as with the ALJs in *Jarkesy*, NLRB ALJs are insulated by two layers of removal protection. 5 U.S.C. 7521(a); 29 U.S.C. § 153(a). Specifically, 5 U.S.C. 7521(a) provides: "[a]n action may be taken against an administrative law judge appointed under section 3105 of this title by the agency in which the administrative law judge is employed only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board." *Id*. 5 U.S.C. 7521(b) clarifies that "an action" includes removal. *Id*. That is, NLRB ALJs may only be removed for "good cause" after a hearing by the Merit Systems Protection Board (MSPB). 5 U.S.C. 7521(a). In turn, members of the MSPB are removable only for "inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. 1202(d). Additionally, members of the NLRB are also protected from removal, except in cases of "neglect of duty or malfeasance in office."  29 U.S.C. §153(a).  Accordingly, just as in *Jarkesy*, ALJs of the NLRB are unconstitutionally insulated from the President's oversight by two levels of just cause protection.

In *Calcutt v. Federal Deposit Insurance Corporation*, 37 F.4th 293 (6th Cir. 2022) *rev'd in part on other grounds* 598 U.S. 623, 143 S.Ct. 1317, 215 L.Ed.2d 557 (2023), the Sixth Circuit found that ALJS for the Federal Deposit Insurance Corporation (FDIC) were not unconstitutionally protected from removal.  However, that case is easily distinguished from the facts of this matter. ALJs in the FDIC only made recommendations which were subject to review by the FDIC Board. After an FDIC ALJ made a recommendation, the FDIC Board of Directors issued a final decision that "will be based upon review of the entire record of the proceeding, except that the Board of Directors may limit the issues to be reviewed to those findings and conclusions to which opposing

arguments or exceptions have been filed by the parties."  12 CFR §208.39(c)(1).  Thus, the decisions of FDIC ALJs are subject to review in all cases.

In contrast, the NLRB's rules and regulations, as well as the text of the NLRA, provide that, absent objections, "the findings, conclusions, and recommendations contained in the Administrative Law Judge's decision will, pursuant to Section 10(c) of the Act, automatically become the decision and order of the Board and become its findings, conclusions, and order, and all objections and exceptions must be deemed waived for all purposes." 29 CFR §102.48(a), 29 U.S.C. §160(c). Thus, the NLRB ALJ's have a greater level of decisional authority than the FDIC ALJs addressed in *Calcutt*. As a result, the President must have greater authority to satisfy the Take Care Clause in cases of NLRB ALJs and the two levels of removal is unconstitutional in this case. As such, this case is readily distinguishable from *Calcutt*.

### B.      Members of The National Labor Relations Board

Likewise, members of the NLRB, upon whose behalf and authorization this matter is being brought, are unconstitutionally insulted from removal. As provided in Section 10(J) of the NLRA, only the NLRB has the authority to seek an injunction.  29 U.S.C. §160(j).  As such, Petitioner is bringing this matter "on behalf of the NLRB."  (ECF No. 1, PageID.1). During the administrative proceeding, counsel for Petitioner expressly stated that the NLRB authorized the commencement of the proceeding before this Court. (ECF No. 12 CaseID. 1682).  This matter, therefore, is being brought on behalf, and at the direction, of an unconstitutionally protected executive body and should be dismissed.

Just as with ALJs of the NLRB, members of the NLRB exercise substantial executive power under the Constitution in administering and enforcing the provisions of the NLRA. Indeed, and particularly relevant to the instant action, Section 10(j) of the NLRA, 29 U.S.C. § 160(j), gives the Board authority to exercise quintessentially prosecutorial power in federal district courts: "The

Board shall have the power, upon issuance of [an administrative] complaint as provided in [29 U.S.C. § 160(b)] charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order." 29 U.S.C. § 160(j); *see also Overstreet v. El Paso Disposal, L.P.*, 625 F.3d 844, 852 (5th Cir. 2010) ("Petition power under § 10(j) is prosecutorial in nature[.]").

In more general terms, the NLRB is also responsible for enforcing and implementing the NLRA by determining appropriate units for the purpose of collective bargaining, directing representation elections, deciding unfair labor practice charges, and seeking enforcement of its unfair labor practice orders in federal court. 29 U.S.C. §§ 159 & 160.The NLRA vests in the Board the authority "to prevent any person from engaging in any unfair labor practice (listed in section 8) affecting commerce." 29 U.S.C. §160(a).  This includes the ability to "petition any court of appeals of the United States, or if all the courts of appeals to which application may be made are in vacation, any district court of the United States, within any circuit or district, respectively, wherein the unfair labor practice in question occurred or wherein such person resides or transacts business, for the enforcement of such order and for appropriate temporary relief or restraining order. . ." In this regard, the NLRB wields substantial executive power as an enforcement body with the ability to promulgate binding rules, unilaterally issue final decisions awarding legal and equitable relief in administrative adjudications and seek monetary penalties against private parties on behalf the United States in federal court. Accordingly, there can be no doubt that the NLRB wields substantial prosecutorial, rulemaking, policymaking, and adjudicative authority.

Despite this power, NLRB members may only be removed from office "for neglect of duty or malfeasance in office, *but for no other cause*." 29 U.S.C. § 153(a). (Emphasis added.) This level

of protection from removal is unusually strict, and, as noted, explicitly directs that NLRB members

may not be removed for any other cause than the extreme "neglect of duty" or "malfeasance." *Id*.

NLRB members are thus effectively insulated from removal by the President, which prevents him

from performing his duties under Article II of the United States Constitution, the Take Care Clause.

The protections from removal afforded to NLRB members are therefore unconstitutional.[2]

The pleadings demonstrate that the removal protections enjoyed by NLRB ALJs, such as

the ALJ that is currently presiding over the underlying administrative proceeding, and members of

the NLRB are unconstitutional. The pleadings likewise demonstrate that Respondent has been, and

will continue to be, forced to participate in proceedings before an unaccountable administrative

agency. Given that the instant action is ancillary to those proceedings, Respondent is entitled to

judgment as a matter of law.Further, this matter has been filed, and is being prosecuted, under the

direction and authority of an unconstitutionally protected executive body. The actions of such an

agency should be deemed a nullity. In *N.L.R.B. v. Noel Canning*, 573 U.S. 513, 134 S. Ct. 2550,

189 L. Ed. 2d 538 (2014), the Supreme Court of the United States considered the President's

appointment of three positions on the five-member NLRB panel that were made in a three-day

period between two pro forma sessions of the Senate. *Id*. at 521. The Court concluded that the

appointments were not valid under the Recess Appointments Clause and the Board lacked a

quorum during this period. Since the Board's structure was unconstitutional at this time, the Court

---

[2] To the extent the Board seeks monetary relief beyond the equitable restitutionary backpay remedy, the Board's actions would be unconstitutional pursuant to the Seventh Amendment, as held by the United States Supreme Court in *Sec. & Exch. Comm'n v. Jarkesy*, No. 22-859, 2024 WL 3187811 (U.S. June 27, 2024). However, the exact parameters of the requested relied have not been sufficiently defined and no award has been issued. As such, Respondent reserves the right to assert this issue should such an award be issued.

invalided the at-issue Order, along with hundreds of decisions issued by the three-member Board. Id. at 557. By the same reasoning, this matter should be dismissed.

**C.      Respondent has Experienced, and Will Continue to Experience, Individualized Harm**

The Sixth Circuit Court of Appeals has ruled that a party challenging an unconstitutional removal process must  show an injury that results from the unconstitutional removal process. *Calcutt v. Federal Deposit Insurance Corporation*, 37 F.4th 293 (6th Cir. 2022) *rev'd in part on other grounds* 598 U.S. 623, 143 S.Ct. 1317, 215 L.Ed.2d 557 (2023).

While *Calcutt* determined that an adverse administrative ruling *itself* did not constitute harm from the appointment process, the proceeding before this Court itself is a product of direct action by the unconstitutionally protected NLRB in reliance upon the record assembled by the unconstitutionally protected ALJ. Here, Respondent has suffered a cognizable harm because it was forced to litigate both the underlying case before an ALJ that is unconstitutionally insulated from removal and this ancillary matter seeking an injunction. Put another way, Respondent is not (yet) claiming harm from an adverse ruling of an administrative agency. Rather, the Petition before the Court, and the proceedings that have ensued, are the harm that Respondent is experiencing. Indeed, it has been held that a "here and now" injury exists when a party is subject to unconstitutional agency authority, including proceedings before unconstitutionally insulated agency officials. *Axon Enter.*, 143 S. Ct. at 903 (citation omitted); *see also, e.g.*, *Cochran v. SEC*, 20 F.4th 194, 210 n.16, 212–13 (5th Cir. 2021) (en banc), *aff'd and remanded sub nom. Axon Enter.*, 143 S. Ct. 890.

In short, a review of all well-pled allegations demonstrates that no material issue of fact exists to dispute that Respondent has been and will continue to be subjected to administrative proceedings (upon which this very action is based) before an administrative agency that is

unconstitutional pursuant to Article II of the U.S. Constitution. That "her and now" injury is being

perpetuated by this matter. Respondent is therefore entitled to judgment as a matter of law.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Petition for Injunctive Relief pursuant to Section

10(j) of the National Labor Relations Act must be dismissed.

Dated: July 1, 2024

Respectfully submitted,

*s/Richard W. Fanning, Jr.*
Brian D. Shekell (P75327)
Richard W. Fanning, Jr. (P55697)
Lauren M. Smith (P87377)
CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
bshekell@clarkhill.com
rfanning@clarkhill.com
lmsmith@clarkhill.com
Attorneys for Respondent

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that she electronically filed the foregoing document with the clerk using the Court's Electronic Filing System on July 1, 2024, which will send notification of such filing to all parties and/or attorneys of record.

       _____ U.S. Mail       _____ Facsimile
       \_\_X\_\_\_\_ E-Filing       _____ Hand Delivery
       _____ E-Mail       _____ Federal Express

*<u>s/ Pamela Bright</u>*
Pamela Bright

13