UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH KERWIN, Regional Director
Seventh Region of the National Labor
Relations Board, for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,

        Petitioner,

v.

TRINITY HEALTH GRAND HAVEN
HOSPITAL
        Respondent.
_____/

CASE NO. 1:24-cv-445
HON. ROBERT J. JONKER

## PETITIONER'S MOTION SEEKING LEAVE TO FILE ADMINISTRATIVE LAW JUDGE'S DECISION WITH THE DISTRICT COURT

Now comes Petitioner, Elizabeth Kerwin, Regional Director of the Seventh Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, to respectfully ask for leave to file with the Court the Administrative Law Judge's decision from the underlying administrative proceeding, which issued on September 6, 2024. Pursuant to W.D. Mich. LCivR 7.1(d)(i), on September 10, 2024, the undersigned contacted Respondent's counsel to ascertain whether the motion will be opposed. Respondent does not oppose the motion.[1]

Respectfully submitted,

/s/ *Steven E. Carlson*
Steven E. Carlson (P58196)
Counsel for Petitioner
National Labor Relations Board, Region 7
Gerald R. Ford Federal Building
110 Michigan St., NW, Room 299
Grand Rapids, MI 49503-2363
Telephone: 616-930-9160
steven.carlson@nlrb.gov

---

[1] Respondent has asked Petitioner to note that while Respondent does not oppose the motion, it does not waive its position that "the entire proceeding before the ALJ was unconstitutional." Respondent also takes the position that "many portions of the ALJ's opinion are not relevant to the issues before the Court as the Petition is limited to the disaffection petition and the allegations concerning Karla Gonzalez bringing employees to the stairwell."

## **SUPPORTING BRIEF**

1.      On April 30, 2024, Petitioner filed with the District Court a Petition for Preliminary Injunction Under Section 10(j) of the National Labor Relations Act (NLRA or the Act) 29 U.S.C. §160(j). [ECF No. 1].  Petitioner seeks a preliminary injunction pending final resolution of the underlying administrative case by the Board to prevent Respondent from persisting in conduct alleged to have violated the NLRA, thereby frustrating its remedial purposes.

2.      On September 6, 2024, Administrative Law Judge Michael Rosas issued his decision and recommended order in NLRB Cases 07-CA-323321; 07-CA-323743; and 07-CA-326861 (i.e., the administrative proceeding underlying the temporary injunction proceeding now pending before the Court.[2]

3.      In his decision, ALJ Rosas found, as alleged in the consolidated unfair labor practice complaint [ECF No. 1, Exhibit 2], that Trinity Health violated Section 8(a)(1) of the Act by:

   (a)  Interrogating its employees on August 2, 2023 about their activities on behalf of the Charging Party.

   (b)  Impliedly promising on May 25, 2023 that wage increases granted to unrepresented employees would be given to represented employees if they ceased supporting the Charging Party.

   (c)  Threatening employees on August 2, 2023 with the assessment of attendance points if they engaged in a strike.

   (d)  Issuing overly broad directives to employees on August 2, 2023 that they were prohibited from passing out materials relating to the Charging Party and soliciting Charging Party membership.

4.      ALJ Rosas further found that Trinity Health violated Section 8(a)(3) and (1) of the Act by disciplining, assessing attendance points, charging leave, or applying other adverse actions to employees for engaging in a lawful strike or otherwise engaging in union or protected concerted

---

[2] On September 10, 2024, ALJ Rosas issued a short Errata to his Decision which Petitioner also seeks to file with the Court.

activity.

5.  ALJ Rosas also found that Trinity Health violated Section 8(a)(5) of the Act by:

   (a) Canceling bargaining sessions or otherwise engaging in bad faith bargaining with the Union regarding the negotiation of a successor contract.

   (b) Withdrawing its recognition of the Charging Party on September 28, 2023 as the exclusive collective-bargaining representative of the bargaining unit.

6.  To remedy the 8(a)(5) violations, including their unlawful withdrawal of recognition, ALJ Rosas recommended that the Board order Respondent to immediately recognize and bargain collectively and in good faith with the Union with respect to wages, hours and other terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement.

7.  The ALJ also recommend that the Board dismiss certain Complaint allegations including the allegation that around May 2023, Respondent provided more than minimal support to the effort to obtain signatures for a decertification petition by instructing employees to gather in a private area to learn about and sign a decertification petition. Judge Rosas found that while the evidence clearly established that a manager of Respondent took an active role in connecting employees with the decertification petitioner, the manager's actions did not cross the line into unlawful assistance.

**We therefore now limit our prayer for relief before the District Court to the violations found by ALJ Rosas.  Accordingly, Petitioner hereby withdraws proposed affirmative order 1(b) set forth in the 10(j) petition [ECF No. 1, PageID.8].**

8.  Notwithstanding the ALJ's findings which did not sustain certain of the General Counsel's unfair labor practice allegations, we believe that ALJ Rosas's conclusions in this regard do not undercut the need for interim relief.  Overall, ALJ Rosas's decision strongly bolsters the Regional Director's contentions that there is reasonable cause to believe that

Respondent violated the Act as alleged in the petition for temporary injunctive relief, and that those violations found by the ALJ will be sustained by the National Labor Relations Board upon final review.

9.      It is important to note that issuance of the decision of the ALJ does not moot the need for interim relief in this case.  The ALJ's decision is not the final administrative decision of the Board.  See, e.g. *Schaub v. West Michigan Plumbing & Heating, Inc.*, 250 F.3d 962, 968 (6th Cir. 2001); *Sharp v. Webco Industries, Inc.*, 225 F.3d 1130, 1136 (10th Cir. 2000).  The parties have the opportunity to file exceptions to the ALJ's decision within 28 days from the date of service.  Furthermore, in accordance with the Board's Rules and Regulations, within 14 days a party may file an answering brief opposing the other party's exceptions, and the excepting party may then file a reply brief within 14 days.  In view of the numerous stages remaining in this administrative proceeding, it is likely that the Board will require a considerable period of time to carefully review the entire record, analyze ALJ Rosas's decision, evaluate the exceptions to the factual and legal findings, and issue its final administrative decision and order.

Thus, notwithstanding the issuance of the ALJD, the Regional Director's request for interim relief pending a final decision by the Board continues to be warranted.  See, e.g., *Sharp v. Webco Industries, Inc.*, 225 F.3d at 1136 (commencement of ALJ hearing did not obviate the need for interim relief); *Fleischut v. Nixon  Detroit Diesel, Inc*., 859 F.2d 26, 28 and 31 (6th Cir. 1988) (error for district court to limit duration of 10(j) decree to commencement of Administrative Law Judge hearing.); *Levine v. Fry Foods, Inc.,* 108 LRRM 2208, 2209 (N.D. Ohio 1979), aff'd. 108 LRRM 2280 (6th Cir. 1981) (issuance of ALJD does not terminate 10(j) decree).  As the administrative litigation is still ongoing and the time before a final Board Order may be considerable, the risk of irreparable harm to the Union's bargaining strength not only continues, but also increases.  Respondent should not benefit further from its unlawful conduct

by allowing more time to pass without interim injunctive relief.  See *Maram v. Universidad Interamericana de Puerto Rico, Inc.*, 722 F.2d 953, 960 (1st Cir. 1983) (even if passage of time while case is pending before court may "diminish the curative effect of the relief," an interim injunction would still be more effective to restore the lawful status quo than the Board's ultimate order without interim relief).  Accord: *Arlook v. S. Lichtenberg & Co., Inc.*, 952 F.2d 367, 374 (11th Cir. 1992).

In sum, the Administrative Law Judge's decision in this case has bolstered the Regional Director's contentions that Respondent has violated the National Labor Relations Act and that the requested temporary injunctive relief, as modified herein, is just and proper within the meaning of Section 10(j) of the Act.

Petitioner respectfully asks for leave to file the Administrative Law Judge's decision and the September 10, 2024 errata with the District Court.

Dated September 10, 2024, at Grand Rapids, Michigan.

                                    Respectfully submitted,

/s/ *Steven E. Carlson*
Patricia A. Fedewa (P51964)
Steven E. Carlson (P58196)
Counsel for Petitioner
National Labor Relations Board, Region 7
Gerald R. Ford Federal Building
110 Michigan St., NW, Room 299
Grand Rapids, MI 49503-2363
Telephone: 616-930-9160
patricia.fedewa@nlrb.gov
steven.carlson@nlrb.gov

## CERTIFICATE OF COMPLIANCE

Pursuant to W.D. Mich LCivR 7.2(b)(ii), the undersigned hereby certifies that the number of words in its Motion for Leave to File Administrative Law Judge's Decision with the District Court is **1,515**. The name and version of the word processing software used to generate the word count is Microsoft Word for Microsoft 365 MSO (Version 2402 Build 16.0.17328.20282).

Dated September 10, 2024, at Grand Rapids, Michigan.

/s/ *Steven E. Carlson*
Steven E. Carlson

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 10, 2024, copies of the foregoing document were served upon all attorneys of record via ECF filing.

/s/ *Steven E. Carlson*
Steven E. Carlson