# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ELIZABETH KERWIN, Regional Director Seventh Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,

Case No. 1:24-cv-00445
Hon. ROBERT J. JONKER

Petitioner,

v.

TRINITY HEALTH GRAND HAVEN HOSPITAL,

Respondent.

---

## RESPONDENT'S AFFIDAVIT OF COMPLIANCE

I, Lynn Daugherty, state and aver as follows:

1. I am currently the HR Operations Consultant at Trinity Health Grand Haven Hospital ("Respondent" or "THGH"). In my capacity as HR Operations Consultant, I am responsible for overseeing certain human resources administrative functions at THGH.

2. I am familiar with the Court's October 25, 2024 Opinion and Order, in which it directed THGH to take certain actions in connection with the Section 10(j) Order (ECF No. 69) ("Order"). I am also familiar with the steps that THGH has taken to comply with the Court's Order.

3. With respect to item 1 of the Court's Order, THGH has offered to meet and bargain with the Union. The parties have so far agreed to meet and bargain on November 21, December 5, 12 and 19.

4. With respect to item 2 of the Court's Order, on November 1, 2024, THGH posted a copy of the Court's Opinion and Order in five locations throughout the hospital. Specifically, the main bulletin board, in the bariatrics department, imaging breakroom, surgery breakroom, laboratory, and Dunewood Pharmacy. These are the five locations where THGH regularly and customarily posts notices to its employees.

5. On November 12, 2024, SEIU Healthcare Michigan ("the Union") claimed that postings were not also made in six others areas. Specifically, in Environmental Services, Medical Records, Respiratory, Emergency Break-room, Dispatch and Med Surge Breakroom

6. Based on the fact that THGH interpreted the Order as requiring the postings to be done in areas where employee postings are regularly and customarily posted, THGH did not post the Opinion and Order in these areas on November 1, 2024.

7. Even though THGH does not interpret the Order as requiring the postings at six additional locations identified by the Union, on November 12, 2024, THGH posted the Opinion and Order in those six additional locations in good faith in response to the Union's request.

8. The postings made and referenced in paragraphs 4 through 7 above are in areas free from obstructions and defacements. In addition, the employees have free and unrestricted access to the postings. THGH will continue to monitor these postings for compliance as they stay up during the pendency of the Board's administrative proceedings.

9. With respect to item 3 of the Order, on November 1, 2024, a copy of the Opinion and Order was distributed by email to all employees who are represented by the Union and posted in the THGH intranet.

10. Based on the foregoing, THGH believes that it has complied with the terms of the Court's Order.

I declare under penalty of perjury that the foregoing is true and correct. This Affidavit of Compliance was executed on November 14, 2024 pursuant to 28 U.S.C. § 1746.

_____
Lynn Daugherty

## Certificate of Service

The undersigned certifies that she electronically filed the foregoing document with the clerk using the Court's Electronic Filing System on November 15, 2024, which will send notification of such filing to all parties and/or attorneys of record.

| | | | |
|---|---|---|---|
| _____ | U.S. Mail | _____ | Facsimile |
| __X___ | E-Filing | _____ | Hand Delivery |
| _____ | E-Mail | _____ | Federal Express |

*s/Dina Griffey*_____
Dina Griffey
